The defendant, Nasser El-Mallah, appeals from a Superior Court judgment in favor of the plaintiff, Mahir M. Kanaan, following a jury-waived trial. He contends that the plaintiff's claim for breach of contract is barred by the statute of limitations, G. L. c. 260, § 2. Discerning no error in the trial judge's legal or factual conclusions that the suit is not foreclosed by the statute of limitations, we affirm.
1. Standard of review. "In reviewing a matter where[ ] the trial judge was the finder of fact, the findings of fact ... are accepted unless they are clearly erroneous and we review the judge's legal conclusions de novo." CMJ Mgmt. Co. v. Wilkerson, 91 Mass. App. Ct. 276, 277 n.2 (2017), quoting from Allen v. Allen, 86 Mass. App. Ct. 295, 298 (2014). "[W]e are bound by a judge's findings of fact that are supported by the evidence, including all inferences that may reasonably be drawn from the evidence." White v. Hartigan, 464 Mass. 400, 414 (2013), quoting from Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co., 445 Mass. 411, 420 (2005). Due regard, moreover, "shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." White, supra, quoting from Mass.R.Civ.P. 52(a), as amended, 423 Mass. 1402 (1996).
2. Discussion. The statute of limitations, G. L. c. 260, § 2, bars claims for breach of contract commenced six years after the cause of action accrues, see OneBeacon America Ins. Co. v. Narragansett Elec. Co., 87 Mass. App. Ct. 417, 425 (2015), which generally occurs "at the time of the breach." Zelby Holdings, Inc. v. VideogeniX, Inc., 92 Mass. App. Ct. 86, 90 (2017). Under the Massachusetts discovery rule, however, "a claim accrues and the statute of limitations clock commences when a plaintiff knows, or reasonably should have known, 'that she has been harmed or may have been harmed by the defendant's conduct.' " Evans v. Lorillard Tobacco Co., 465 Mass. 411, 449 (2013), quoting from Bowen v. Eli Lilly & Co., 408 Mass. 204, 205-206 (1990). Usually, this happens when a plaintiff is "informed of facts that would suggest to a reasonably prudent person in the same position" that such harm has occurred and was caused by the defendant's conduct. Commonwealth v. Tradition (N. America) Inc., 91 Mass. App. Ct. 63, 71 (2017). Here, the trial judge could find that the plaintiff did not know, nor reasonably could have known, that the defendant was capable of repaying the loan until after the plaintiff's visit in April, 2011.[2] See White, 464 Mass. at 414 ; Evans, 465 Mass. at 449.
The judge found that the contract required repayment only when the defendant was financially able to do so.[3] Anesthesiologists in the United States earn significantly more than they do in Saudi Arabia. The Saudi Arabian plaintiff, however, was unaware of this and had no reason to believe otherwise, especially based on the defendant's repeated misrepresentations of financial hardship. It was objectively reasonable to take the defendant's word without further investigation, see Evans, 465 Mass. at 449, given that the loan was ostensibly made in good faith between family members accustomed to helping one another in this fashion. See Tradition (N. America) Inc., 91 Mass. App. Ct. at 71. See also Klairmont v. Gainsboro Restaurant, Inc., 465 Mass. 165, 176 (2013), quoting from Poznik v. Massachusetts Med. Professional Ins. Assn., 417 Mass. 48, 52 (1994) (permitting reasonable inferences from "the nature of the transaction, the character of the parties and their activities, and whether the transaction was motivated by business or personal reasons").
Whether the plaintiff's March 12, 2001, letter constituted a demand letter is immaterial. The trial judge found that the contract did not contemplate payment on demand, but rather required payment only when the defendant was financially able to pay. This finding followed the plaintiff's testimony, and the trial judge was entitled to find the plaintiff credible. See White, 464 Mass. at 414. Similarly immaterial is whether the contract contemplated installment payments; the judge credited the plaintiff's testimony that he had no knowledge of the breach until April, 2011. Accordingly, the claim accrued then under G. L. c. 260, § 2. See Tradition (N. America) Inc., 91 Mass. App. Ct. at 71.
Moreover, we discern no error in the trial judge's finding that the fraudulent concealment doctrine requires the same result. Codified in G. L. c. 260, § 12, the statute provides, "If a person liable to a personal action fraudulently conceals the cause of such action from the knowledge of the person entitled to bring it, the period prior to the discovery of his cause of action by the person so entitled shall be excluded in determining the time limited for the commencement of the action." See Hays v. Ellrich, 471 Mass. 592, 601-602 (2015). The trial judge found that the defendant's repeated misrepresentations as to his financial ability to repay the loan concealed his breach of contract until the plaintiff discovered otherwise in April, 2011. Section 12 thereby operates to toll the accrual of the plaintiff's cause of action until April, 2011.
Under either theory, the statute of limitations pursuant to G. L. c. 260, § 2, did not commence to run until the plaintiff first became aware of the defendant's ability to repay the loan in April, 2011. The action, commenced in 2015, was properly brought within the six-year period from the date the cause of action accrued.
Judgment affirmed.

During that visit to the defendant's home, the plaintiff observed that the defendant clearly enjoyed financial security and an affluent lifestyle, owning an expensive house and several expensive cars.

On appeal, the parties do not dispute the existence of a valid contract or that payment was not required until the defendant was financially able to repay at least some portion of the loan.